IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SEMIRA TESFAI <br> 8757 Georgia Avenue, Suite 400 <br> Silver Spring, Maryland 20910 <br><br> Plaintiff, <br><br> v. <br><br> PLANNED LIFESTYLE SERVICES, INC. <br> 150 Smith Road, 2nd Floor <br> Parsippany, New Jersey 07054 <br><br> SERVE:   Corporation Service Company <br>              1090 Vermont Avenue, NW <br>              Washington, DC 20005 <br><br> Defendant. | * <br> * <br> * <br> * <br> * <br> * <br> * <br> *   Case No.: <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff Semira Tesfai ("Named Plaintiff"), on behalf of herself and all others similarly situated individuals Class Plaintiffs (collectively "Class Plaintiffs"), by and through undersigned counsel, hereby sets forth and alleges this collective/class action against Defendant Planned Lifestyle Services, Inc. ("Defendant") and alleges as follows:

## CLAIMS, JURISDICTION, AND VENUE

1.   This action is brought by Named Plaintiff, individually and on behalf of the other similarly situated Class Plaintiffs seeking unpaid wages, back-pay, restitution, liquidated damages, reasonable attorney's fees and costs, and all related penalties and damages under the Fair Labor Standards Act ("FLSA"), the D.C. Wage Payment and Wage Collection Act ("DCWPA"), the D.C. Minimum Wage Act Revision Act ("DCMWA"), the Maryland Wage Hour Law ("MWHL"), and the Maryland Wage Payment Collection Law ("MWPCL").

2. This Court has federal question jurisdiction pursuant to 29 U.S.C. § 1331, based upon the claims brought under the FLSA, 29 U.S.C. § 201, *et seq*.

3. The United States District Court for the District of Columbia has personal jurisdiction because during the period relevant to this action (January 2018 through the date of judgment in this action) Defendant operated as a business entity providing concierge and/or front desk employee staffing for apartment buildings, condominiums, and other properties in the District of Columbia, as well as the State of Maryland and other states and jurisdictions.

4. The acts and omissions giving rise to this action occurred primarily in the District of Columbia and the State of Maryland.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), inasmuch as Defendant conducted business within the District of Columbia, and the substantial part of the events or omissions giving rise to these claims occurred in this District.

6. The claims for violations of the DCWPA and DCMWA are based upon the statutory law of the District of Columbia.

7. The claims for violations of the MWHL and MWPCL are based upon the statutory law of the State of Maryland.

8. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367 for the pendent state claims because they arise out of the same nucleus of operative fact as the FLSA claims.

9. All alleged causes of action can be determined in this judicial proceeding and will provide judicial economy, fairness, and convenience for the parties.

**PARTIES**

10. Named Plaintiff is an adult resident of the State of Maryland.

11. Named Plaintiff and the Class Plaintiffs were employed by Defendant to perform

concierge and/or front desk employee employment services for the benefit of Defendant at apartment buildings, condominiums, and other properties in the District of Columbia and the State of Maryland.

12. The FLSA collective action Opt-In and Putative Plaintiffs consist of individuals who did work or have worked for Defendant as concierge and/or front desk employee employment services for the benefit of Defendant at apartment buildings, condominiums, and other properties in the District of Columbia and/or the State of Maryland during the period January 2018 through the date of judgment in this action.

13. The DCWPA and DCMWA Rule 23 proposed class action members consist of individuals who did work or have worked for Defendant as concierge and/or front desk employee employment services for the benefit of Defendant at apartment buildings, condominiums, and other properties in the District of Columbia during the period January 2018 through the date of judgment in this action.

14. The MWHL and MWPCL Rule 23 proposed class action members consist of individuals who did work or have worked for Defendant as concierge and/or front desk employee employment services for the benefit of Defendant at apartment buildings, condominiums, and other properties in the State of Maryland during the period January 2018 through the date of judgment in this action.

15. Defendant is a corporation formed under the laws of New Jersey that, at all times relevant to this action, was registered to conduct business operations within the jurisdictional limits of the District of Columbia and the State of Maryland.

16. At all times relevant to this action, Defendant has operated as a business entity providing concierge and/or front desk employee staffing for apartment buildings, condominiums,

and other properties in the District of Columbia, the State of Maryland, and several other states and jurisdictions in the United States.

17. At all times relevant to this action, Defendant supervised, managed, and directed the employment of the Named Plaintiff and all other Class Plaintiffs.

18. At all times relevant to this action, Defendant had the power to hire, fire, suspend, fine, direct, or alter the employment duties or responsibilities for the Named Plaintiff and all other Class Plaintiffs.

19. At all times relevant to this action, Defendant established and enforced payroll policies and procedures that resulting in wage payment deductions and/or statutory violations causing wages to now be due and owing to the Named Plaintiff and the Class Plaintiffs.

## COVERAGE

20. At all times material to this action, Defendant qualified as the employer of the Named Plaintiff and the Class Plaintiffs within the defined scope of the FLSA, 29 U.S.C. § 203(d).

21. At all times material to this action, the Named Plaintiff and each of the Class Plaintiffs were individual employees within the scope of the FLSA, 29 U.S.C. §§ 206 and 207.

22. At all times material to this action, Defendant qualified as an enterprise engaged in commerce or the production of goods for commerce as defined by the FLSA, 29 U.S.C. §§ 203(s), 203(r), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

## FACTUAL ALLEGATIONS

23. During the period of about 2018 through 2019, Named Plaintiff was employed by Defendant to perform concierge and/or front desk employee duties for the benefit of Defendant

at apartment buildings, condominiums, and other properties contracted by Defendant in the District of Columbia and the State of Maryland.

24. During the period of at least 2018 through the present, the Class Plaintiffs are or have been employed by Defendant to perform concierge and/or front desk employee duties for the benefit of Defendant at apartment buildings, condominiums, and other properties contracted by Defendant in the District of Columbia and the State of Maryland.

25. During the period of her employment, Defendant paid Named Plaintiff as an hourly employee.

26. During the period of their employment, Defendant paid the Class Plaintiffs as hourly employees.

27. During the period relevant to this action, Named Plaintiff regularly and customarily worked 4-7 shifts per week.

28. During the period relevant to this action, the number of shifts the Class Plaintiffs worked each week varied from week to week.

29. During the period relevant to this action, Named Plaintiff customarily worked 36-56 or more hours per week.

30. During the period relevant to this action, the Class Plaintiffs regularly and customarily worked more than 40 hours per week.

31. At all times relevant to this action, Defendant had actual knowledge of all hours Named Plaintiff worked each week including knowledge of overtime Named Plaintiff worked over 40 hours per week.

32. At all times relevant to this action, Defendant had actual knowledge of all hours the Class Plaintiffs worked each week including knowledge of overtime Class Plaintiffs worked

over 40 hours per week.

33. While employed, Defendant implemented and enforced a payroll practice or policy that deducted minutes and hours Named Plaintiff worked per shift exceeding 8 hours. This policy reduced Named Plaintiff down to 8 or less hours per shift, notwithstanding that Named Plaintiff regularly and customarily worked more than 8 hours per shift.

34. During the period relevant to this action, Defendant implemented and enforced a class-wide payroll practice or policy that deducted minutes and hours the Class Plaintiffs worked per shift exceeding 8 hours. This policy reduced the Class Plaintiffs down to 8 or less hours or less per shift, notwithstanding that the Class Plaintiffs regularly and customarily worked more than 8 hours per shift.

35. While employed, Defendant implemented and enforced a payroll practice or policy that automatically deduced 1 hour from the hours Named Plaintiff worked per shift for a meal or break period.

36. While employed, Defendant automatically deducted 1 hour from the hours Named Plaintiff worked per shift for a meal or break period even though Named Plaintiff did not cease performing compensable work duties during the shift or otherwise cease performing compensable work duties for a meal or break period.

37. During the period relevant to this action, Defendant implemented and enforced a class-wide payroll practice or policy that automatically deducted 1 hour from the hours the Class Plaintiffs worked per shift for a meal or break period.

38. During the period relevant to this action, Defendant implemented and enforced a class-wide payroll policy that automatically deducted 1 hour from the hours the Class Plaintiffs worked per shift for a meal or break period event though the Class Plaintiffs did not regularly or

customarily cease performing compensable work duties during the shift or otherwise cease performing compensable work duties for a meal or break period.

39. As a result of Defendant's payroll policies and practices, Defendant failed to pay Plaintiff any wages for hours deducted by way of (i) shaving compensable work hours exceeding 8 hours per shift and (ii) deducting compensable work hours for fictional meal or break periods.

40. As a result of Defendant's class-wide payroll policies and practices, Defendant failed to pay the Class Plaintiffs any wages for hours deducted by way of (i) shaving compensable work hours exceeding 8 hours per shift and (ii) deducting compensable work hours for fictional mean or break periods.

41. As a result of Defendant's payroll policies and practices, Defendant failed to pay Named Plaintiff all wages due and owing for all compensable non-overtime hours worked each week.

42. As a result of Defendant's payroll policies and practices, Defendant failed to pay Named Plaintiff all time-and-one-half overtime wages due and owing for all compensable overtime worked over 40 hours per week.

43. As a result of Defendant's class-wide payroll policies and practices, Defendant failed to pay the Class Plaintiffs all wages due and owing for all compensable non-overtime hours worked each week.

44. As a result of Defendant's class-wide payroll policies and practices, Defendant failed to pay the Class Plaintiffs all time-and-one-half overtime wages due and owing for all compensable overtime worked over 40 hours per week.

45. Defendants has willfully violated the statutory wage payment rights of the Named Plaintiff and the Class Plaintiffs under the FLSA, District of Columbia law, and Maryland law

resulting in damages now owed by Defendant to the Named Plaintiff and the Class Plaintiffs in the form of unpaid wages, statutory liquidated damages, attorneys' fees and costs, prejudgment interest, and other damages permitted Federal, District of Columbia, and/or Maryland law.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

46. Named Plaintiff bring her count for violations of the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), on behalf of herself and all similarly situated employees.

47. Similarly situated employees, for purposes of the FLSA collective action claims, include individuals who work or have worked for Defendant as a concierge and/or front desk employee at properties contracted by Defendant at any time within the three (3) year period prior to joining this lawsuit under 29 U.S.C. § 216(b), who were (i) paid by Defendant on an hourly basis and (ii) were not paid by Defendant at the time-and-one-half rate owed for all overtime worked over forty (40) hours per week as required by the FLSA time-and-one-half overtime compensation mandate.

48. Pursuit of this action collectively will provide the most efficient mechanism for adjudicating the claims of the Named Plaintiff and the Class Plaintiffs.

49. Named Plaintiff requests she be permitted to serve as representative of those who consent to participate in this action, and that this action be conditionally certified as a collective action pursuant to 29 U.S.C. § 216(b).

50. Pursuant to 29 U.S.C. § 216(b), by acting as the named plaintiffs in this action, the Named Plaintiff hereby notifies this Court and Defendant in writing that she affirmatively consents to be a plaintiff in this collective action lawsuit and to seek recovery of unpaid FLSA wages and damages against Defendant as sought in this action.

## **MWHL/MWPCL/DCMWA/DCWPA CLASS ACTION ALLEGATIONS**

51. Named Plaintiff bring her state law counts for violations of the MWHL, MWPCL,

DCMWA, and DCWPA as a class action (in sub-classes for each relevant statute) pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of herself and all similarly situated employees, for relief to redress and remedy Defendant's violations of the MWHL, MWPCL, DCMWA and DCWPA.

52. Pursuit of this action as a class will provide the most efficient mechanism for adjudicating the claims of the Named Plaintiff and the Class Plaintiffs.

53. <u>The Proposed Sub-Classes</u>:

i. The MWPCL Sub-Class: All individuals who work or have worked for Defendant as a concierge and/or front desk employee at properties contracted by Defendant in the State of Maryland at any time within the three (3) year period prior to the filing of this lawsuit who were (i) paid on an hourly basis and (ii) were not paid all wages due and owing for work duties performed in the State of Maryland as a result of Defendant's class-wide payroll practice of (i) shaving shift minutes and/or hours worked exceeding 8 per shift and/or (ii) who were subject to automatic otherwise compensable wage deductions assessed by Defendant for false or fictitious meal or break periods.

ii. The DCWPA Sub-Class: All individuals who work or have worked for Defendant as a concierge and/or front desk employee at properties contracted by Defendant in the District of Columbia at any time within the three (3) year period prior to the filing of this lawsuit who were (i) paid on an hourly basis and (ii) were not paid all wages due and owing for work duties performed in the District of Columbia as a result of Defendant's class-wide payroll practice of (i) shaving shift minutes and/or hours worked exceeding 8 per shift and/or (ii) who were subject to automatic otherwise compensable wage deductions assessed by Defendant for false or fictitious meal or break periods.

iii.     The MWHL Sub-Class:    All individuals who work or have worked for Defendant as a concierge and/or front desk employee at properties contracted by Defendant in the State of Maryland at any time within the three (3) year period prior to the filing of this lawsuit who were (i) paid on an hourly basis and (ii) were not paid all time-and-one-half overtime wages due and owing per Maryland law for work duties performed in the State of Maryland as a result of Defendant's class-wide payroll practice of (i) shaving shift minutes and/or hours worked exceeding 8 per shift and/or (ii) who were subject to automatic otherwise compensable wage deductions assessed by Defendant for false or fictitious meal or break periods.

iv.     The MWHL Sub-Class:    All individuals who work or have worked for Defendant as a concierge and/or front desk employee at properties contracted by Defendant in the District of Columbia at any time within the three (3) year period prior to the filing of this lawsuit who were (i) paid on an hourly basis and (ii) were not paid all time-and-one-half overtime wages due and owing per District of Columbia law for work duties performed in the District of Columbia as a result of Defendant's class-wide payroll practice of (i) shaving shift minutes and/or hours worked exceeding 8 per shift and/or (ii) who were subject to automatic otherwise compensable wage deductions assessed by Defendant for false or fictitious meal or break periods.

54.    <u>Numerosity</u>:  The proposed class is so numerous that the joinder of all such persons is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.  While the exact number of Class Plaintiffs is unknown to the Named Plaintiff at this time, upon information and belief, the class comprises at least fifty (50) individuals.

55.    <u>Common Questions Predominate</u>: There is a well-defined commonality of interest in the questions of law and fact involving and affecting the proposed class, and these common

questions of law and fact predominate over any questions affecting members of the proposed class individually, in that the Named Plaintiff all Class Plaintiffs have been harmed by Defendant's common and class-wide payroll practices of (i) shaving compensable work hours exceeding 8 hours per shift and/or (ii) automatically deducting compensable work hours for false or fictional meal or break periods.

56. <u>Typicality</u>: The claims of the Named Plaintiff are typical of the claims of the Class Plaintiffs and the relief sought by the Named Plaintiff is typical of the relief which would be sought by each of the Class Members in separate actions.

57. All Class Plaintiffs were subject to the same common and class-wide unlawful compensation practices perpetrated by Defendant, as alleged herein.

58. Defendant's common and class-wide unlawful compensation policies and practices affected the Named Plaintiff and all Class Plaintiffs similarly.

59. Named Plaintiff and the Class Plaintiffs sustained similar losses, injuries, and damages arising from the same unlawful and class-wide payroll policies and practice perpetrated by Defendants.

60. <u>Adequacy of Representation</u>: Named Plaintiff and the Class Plaintiff, individually and collectively, can fairly and adequately protect the interests of all members of the proposed class, and there are no known conflicts of interest between any of the Named Plaintiff and any of the Class Plaintiffs.

61. Named Plaintiff has retained counsel who is experienced and competent in both wage and hour law and complex class action litigation.

62. <u>Superiority</u>: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Plaintiffs is

impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class Plaintiffs may be small for some in the sense pertinent to the class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Plaintiffs to redress the wrongs done to them.

63. Further, important public interests will be served by addressing the matter as a class action. The cost to the court system and the public for the adjudication of individual litigation and claims would be substantially greater than if the claims are treated as a class action. Prosecution of separate actions by individual members of the proposed class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the class, establishing incompatible standards of conduct for Defendant, and resulting in the impairment of Class Plaintiffs' rights and the disposition of their interests through actions to which they are not parties. The issue in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can and is empowered to fashion methods to efficiently manage this action as a class action.

64. <u>Public Policy Considerations</u>: Defendant violated Maryland and District of Columbia wage payment laws. Just as current employees are often afraid to assert their rights out of fear of direct or indirect retaliation, former employees may also be fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class action lawsuits provide Class Plaintiffs who are not named in the Complaint a degree of anonymity, which allows for vindication of their rights while eliminating

or reducing these risks.

## COUNT I
### Violation of the FLSA Overtime Compensation Mandate

65. Named Plaintiff incorporates by reference all preceding paragraphs as if the same were repeated here verbatim.

66. Pursuant to the FLSA, employers must pay non-exempt employees such as Named Plaintiff and the Class Plaintiffs at the rate of one-and-one-half times (1.5x) their regular hourly rate for overtime worked over 40 hours per week.

67. As set forth above, Defendant failed to pay Named Plaintiff and the Class Plaintiffs at the FLSA required rate of one-and-one-half times (1.5x) their regular hourly rate for all overtime worked over 40 hours per week.

68. On information and belief, Defendant had actual knowledge that its failure to pay Named Plaintiff and the Class Plaintiffs at the FLSA required rate of one-and-one-half times (1.5x) their regular hourly rate for all overtime worked over 40 hours per week was in direct violation of Named Plaintiff and the Class Plaintiffs' FLSA rights.

69. The foregoing conduct, as alleged above, constitutes willful violations of the FLSA which permits the recovery of unpaid overtime wages for up to three (3) years, rather than two (2) years.

70. Named Plaintiff and the Class Plaintiffs seek to recover from Defendant the following damages:

   a. Unpaid wages due and owing for compensable work duties performed over 40 hours per week;

   b. Statutory liquidated damages;

   c. Attorneys' fees and costs; and

      d. All other legal and equitable relief as the Court deems just and proper.

## COUNT II
### Violation of the DCMWA Overtime Compensation Mandate

71. Named Plaintiff incorporates by reference all preceding paragraphs as if the same were repeated here verbatim.

72. Pursuant to the DCMWA, employers must pay non-exempt employees performing work duties in the District of Columbia, such as Named Plaintiff and the Class Plaintiffs, at the rate of one-and-one-half times (1.5x) their regular hourly rate for overtime worked over 40 hours per week.

73. As set forth above, Defendant failed to pay Named Plaintiff and the Class Plaintiffs at the DCMWA required rate of one-and-one-half times (1.5x) their regular hourly rate for all overtime worked over 40 hours per week in weeks Named Plaintiff and the Class Plaintiffs performed compensable work duties in the District of Columbia.

74. On information and belief, Defendant had actual knowledge that its failure to pay Named Plaintiff and the Class Plaintiffs at the DCMWA required rate of one-and-one-half times (1.5x) their regular hourly rate for all overtime worked over 40 hours per week in weeks in which compensable work was performed in the District of Columbia was in direct violation of Named Plaintiff and the Class Plaintiffs' DCMWA rights.

75. The foregoing conduct, as alleged above, constitutes willful violations of the DCMWA overtime compensation mandate.

76. Named Plaintiff and the Class Plaintiffs seek to recover from Defendant the following damages:

      a. Unpaid wages due and owing for compensable work duties performed over 40 hours per week in weeks Named Plaintiff and/or the Class Plaintiffs performed

    compensable work duties in the District of Columbia;

  b. Statutory liquidated damages;

  c. Attorneys' fees and costs; and

  d. All other legal and equitable relief as the Court deems just and proper.

**COUNT III**
**Violation of the MWHL Overtime Compensation Mandate**

77. Named Plaintiff incorporates by reference all preceding paragraphs as if the same were repeated here verbatim.

78. Pursuant to the MWHL, employers must pay non-exempt employees performing work duties in the State of Maryland, such as Named Plaintiff and the Class Plaintiffs, at the rate of one-and-one-half times (1.5x) their regular hourly rate for overtime worked over 40 hours per week.

79. As set forth above, Defendant failed to pay Named Plaintiff and the Class Plaintiffs at the MWHL required rate of one-and-one-half times (1.5x) their regular hourly rate for all overtime worked over 40 hours per week in weeks Named Plaintiff and the Class Plaintiffs performed compensable work duties in the State of Maryland.

80. On information and belief, Defendant had actual knowledge that its failure to pay Named Plaintiff and the Class Plaintiffs at the MWHL required rate of one-and-one-half times (1.5x) their regular hourly rate for all overtime worked over 40 hours per week in weeks in which compensable work was performed in the State of Maryland was in direct violation of Named Plaintiff and the Class Plaintiffs' MWHL rights.

81. The foregoing conduct, as alleged above, constitutes willful violations of the MWHL overtime compensation mandate.

82. Named Plaintiff and the Class Plaintiffs seek to recover from Defendant the

following damages:

    a.    Unpaid wages due and owing for compensable work duties performed over 40 hours per week in weeks Named Plaintiff and/or the Class Plaintiffs performed compensable work duties in the State of Maryland;

    b.    Statutory liquidated damages;

    c.    Attorneys' fees and costs; and

    d.    All other legal and equitable relief as the Court deems just and proper.

## COUNT IV
### Violation of the DCWPA Wage Payment Mandate

83. Named Plaintiff incorporates by reference all preceding paragraphs as if the same were repeated here verbatim.

84. Pursuant to the DCWPA, employers must pay employees performing work duties in the District of Columbia, such as Named Plaintiff and the Class Plaintiffs, full and timely payment of all wages due and owing for all compensable work duties performed each week.

85. As set forth above, Defendant failed to pay Named Plaintiff and the Class Plaintiffs full and timely payment of all wages due and owing for all compensable work duties performed by Named Plaintiff and the Class Plaintiffs in the District of Columbia.

86. On information and belief, Defendant had actual knowledge that its failure to pay Named Plaintiff and the Class Plaintiffs full and timely payment of all wages due and owing for all compensable work was performed in the District of Columbia was in direct violation of Named Plaintiff and the Class Plaintiffs' DCWPA rights.

87. The foregoing conduct, as alleged above, constitutes willful violations of the DCWPA timely wage payment mandate.

88. Named Plaintiff and the Class Plaintiffs seek to recover from Defendant the

following damages:

    a. Unpaid wages due and owing for compensable work duties performed in weeks Named Plaintiff and/or the Class Plaintiffs performed compensable work duties in the District of Columbia;

    b. Statutory liquidated damages;

    c. Attorneys' fees and costs; and

    d. All other legal and equitable relief as the Court deems just and proper.

## COUNT IV
### Violation of the DCWPA Wage Payment Mandate

89. Named Plaintiff incorporates by reference all preceding paragraphs as if the same were repeated here verbatim.

90. Pursuant to the MWPCL, employers must pay employees performing work duties in the State of Maryland, such as Named Plaintiff and the Class Plaintiffs, full and timely payment of all wages due and owing for all compensable work duties performed each week.

91. As set forth above, Defendant failed to pay Named Plaintiff and the Class Plaintiffs full and timely payment of all wages due and owing for all compensable work duties performed by Named Plaintiff and the Class Plaintiffs in the State of Maryland.

92. On information and belief, Defendant had actual knowledge that its failure to pay Named Plaintiff and the Class Plaintiffs full and timely payment of all wages due and owing for all compensable work was performed in the State of Maryland was not in good faith, was not the product of a bona fide dispute, and was in direct violation of Named Plaintiff and the Class Plaintiffs' MWPCL rights.

93. The foregoing conduct, as alleged above, constitutes willful violations of the MWPCL timely wage payment mandate.

94. Named Plaintiff and the Class Plaintiffs seek to recover from Defendant the following damages:

   e. Unpaid wages due and owing for compensable work duties performed in weeks Named Plaintiff and/or the Class Plaintiffs performed compensable work duties in the State of Maryland;

   f. Statutory liquidated damages;

   g. Attorneys' fees and costs; and

   h. All other legal and equitable relief as the Court deems just and proper.

## **RELIEF SOUGHT**

WHEREFORE, Named Plaintiff, and all those similarly situated Class Plaintiffs, collectively pray that this Honorable Court:

1. Issue an Order certifying this action as a collective action under the FLSA, and designate Named Plaintiff as the representative of all those similarly situated under the FLSA collective action;

2. Issue an Order certifying this action as a class action under the MWHL, MWPCL, DCMWA and DCWPA, and designate Named Plaintiff as the representative on behalf of all those similarly situated under the MWHL, MWPCL, DCMWA and DCWPA classes;

3. Award Named Plaintiff and all those similarly situated Class Plaintiffs actual damages in the amount of all wages found due to Plaintiff and those similarly situated Class Plaintiffs and statutory plus an award of liquidated damages as provided by the FLSA, MWHL, MWPCL, DCMWA, and DCWPA;

4. Award Named Plaintiff and all those similarly situated Class Plaintiffs pre- and post-judgment interest at the statutory rate;

5.  Award Named Plaintiff and all those similarly situated Class Plaintiffs attorneys' fees, costs, and disbursements calculated at *Salazar* Index Rates; and

6.  Award Named Plaintiff and all those similarly situated Class Plaintiffs further legal and/or equitable relief as this Court deems necessary, just and proper.

Dated:  January 21, 2021                Respectfully submitted,

*/s/ Gregg C. Greenberg*_____
Gregg C. Greenberg, Bar No. MD17291
ZIPIN, AMSTER & GREENBERG, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
(301) 587-9373 (ph)
Email:  GGreenberg@ZAGFirm.com

*Attorneys for Plaintiff and the Class/Collective*